IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAZEREK AUSTIN, #K77091,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM SPILLER, *et al.*,<br><br>        Defendants. | Case No. 18-cv-01152-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for reconsideration and motion to seal filed by Defendants. (Doc. 163, 168). Also, pending before the Court is a motion for leave to file excess pages filed by Plaintiff Austin. (Doc. 184).

**I. Motion for Reconsideration (Doc. 163)**

On November 1, 2021, the Court granted Defendants' motion for an extension of time and ordered that dispositive motions would be due December 13, 2021. (Doc. 157). Five days before the dispositive motion deadline, Defendants filed a motion asking the Court to amend the scheduling order, reopen discovery so that Plaintiff Austin's deposition could be taken, and reset the dispositive motion deadline. (Doc. 158). On January 4, 2021, the Court denied the motion and set a status conference to discuss trial dates. (Doc. 161).

Defendants then filed a motion to reconsider stating that a dispositive motion was not timely filed because they were waiting on a ruling by the Court on the motion to amend the scheduling order and allow additional discovery. Defendants explained they still intended to file a dispositive motion even without a deposition from Austin. (Doc. 163). Without formally ruling on

Page 1 of 4

the motion to reconsider, the Court granted Defendants until February 9, 2022 to file dispositive motions. (Doc. 166). Thus, the motion to reconsider still remains pending on the docket. Because Defendants have timely filed a motion for summary judgment, and the motion has been fully briefed, the Court finds the motion to reconsider **MOOT.** (Doc. 163).

**II. Motion for Leave to File Exhibit Under Seal (Doc. 168)**

Defendants seek leave to file Exhibit 16 to their motion for summary judgment under seal. They argue that the exhibit, which includes documents pertaining to an investigation of a staff assault at Menard Correction Center, presents serious safety and security risks at Menard and for the individuals identified therein. Pages 1-4 of the exhibit is an email detailing the staff assault that occurred on April 23, 2017, and includes the names of staff and offenders directly involved in the assault. Pages 5-9 are the records of Austin's investigational interviews held on April 25 and 26, and pages 10-18 are Security Threat Group Leadership Validation Worksheets, in which Austin is identified as an individual in a security threat group leadership position by confidential informants.

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Commc'n., In*c., 435 U.S. 598, 597 (1978); *In re Sprecht,* 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access ensures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are exceptions to the public access rule but they are narrow, and the Court must determine that good cause exists prior to sealing any part of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999).

For the following reasons, the motion will be granted in part. The Court finds good cause

to allow Defendants to file pages 1-4 of Exhibit 16 under seal. The information in the email is not directly relevant to the disputed issues raised in the motion for summary judgment. It is not disputed that the assault occurred on April 23 or that Austin was not physically present in the area at the time. There is no reason for the detailed email report to be accessible to the public, and the email may be filed under seal.

The Court, however, finds that the remaining documents should be made available to the public. All the information contained in the documents recording Austin's interviews, pages 5-9, are already public elsewhere on the docket. Likewise, the contents of pages 10-18, the Security Threat Group Leadership Validation Worksheets, are discussed in detail in Spiller's deposition, not filed under seal. (*See* Doc. 169-8, p. 100-102). Additionally, the identification information of each confidential informant is already redacted from the Worksheets. Defendants do not specify any reason for sealing these documents, only that they are designated as "Attorneys' Eyes Only," and the Court does not see how their publication would compromise either the safety or security of staff and inmates at Menard. *See Union Oil Co. of Cal. v. Leavell*, 220 F. 3d 562, 567 (7th Cir. 2000) (noting that designating a document as confidential is not sufficient to establish good cause).

Accordingly, the motion for leave to file exhibit under seal is **GRANTED IN PART AND DENIED IN PART.** Defendants may file pages 1-4 of exhibit 16 under seal. Pages 5-18 shall be filed on the public docket. The names and any information pertaining to confidential informants shall remain redacted. Defendants are also directed to redact Austin's date of birth from pages 5-18, pursuant to local rule. *See* SDIL-LR 5.1.

Furthermore, the Clerk of Court is **DIRECTED** to **UNSEAL** Plaintiff Austin's Exhibit 2. Exhibit 2 includes 9 affidavits provided by other inmates. Austin states that the affidavits are filed under seal "in light of security concerns expressed by the institution when these individuals' identity was improperly disclosed to Plaintiff during discovery." (Doc. 181, p. 1). Based on this

explanation, the Court does not find good cause to keep these affidavits under seal.

With the exception of the affidavit prepared by inmate Kevin Kerby, all the other affidavits were prepared and filed on the docket as exhibits to the original complaint. (Doc. 1). They are signed and dated prior to discovery in this case. (*See* Doc. 23). Thus, Austin could not have received these names through confidential documents improperly disclosed in discovery, and they have been publicly available since May 23, 2018.

As for the affidavit provided by Kevin Kirby, he attests that he was told by an internal affairs officer in 2019 that paperwork, which Austin possessed, identified him, Kirby, as a confidential informant in the investigation of the April 23, 2017 staff assault, and this is not true. Kirby states he was not a confidential informant and never made or signed statements against Austin. He does not express any concern for his safety by participating in this litigation and states he will testify to these stated facts in "open court." Neither does Kirby discuss any IDOC internal policies or procedures or provide factual details regarding the April 23 staff assault or those involved. Thus, the Court sees no reason to seal this affidavit. To the extent that identifying the internal affairs officer may pose some kind of security or safety threat, the Clerk is **DIRECTED** to **REDACT** the name of the officer and refile the affidavit with the name redacted. (Doc. 182, p. 6).

### III. Motion for Leave to File Excess Pages (Doc. 184)

Austin's motion to file excess pages in responding to the motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

**DATED:** September 7, 2022

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**